IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00259-BNB

TRAVIS LEE HOSIER,

Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 25 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION AND TO SHOW CAUSE

Applicant, Travis Lee Hosier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Hosier initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the application liberally because Mr. Hosier is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hosier will be ordered to file an amended application and to show cause why the action should not be dismissed.

Mr. Hosier has failed to name his proper custodian. Pursuant to 28 U.S.C.

§ 2243 (2006), an application for writ of habeas corpus must be directed to the person having custody of the person detained. In lieu of the People of the State of Colorado, the correct respondent in the instant action would be the custodian of the facility where Mr. Hosier is detained.

Mr. Hosier is challenging the validity of his 2000 conviction in Weld County District Court case number 99-CR-1063. He alleges that he pleaded guilty to sexual assault on a child by a person in a position of trust, and that he was sentenced to eight years to life in DOC custody. Judgment of conviction was entered in March 2000. He alleges that he filed a direct appeal but fails to provide the information on the Court's 28 U.S.C. § 2254 habeas corpus form regarding that appeal.

He asserts that he initiated various postconviction proceedings in March 2000 (motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure), in June or July 2003 (motions pursuant to Colo. R. Crim. P. 35(b) and (c)), and in September 2006 (motion to modify sentence), but that he only appealed from the denial of the postconviction Colo. R. Crim. P. 35(c) motion. He fails to allege the reason or reasons that any of the postconviction motions was denied, or to submit to the Court orders pertinent to his direct appeal or to the denial of the motions.

On January 29, 2008, Mr. Hosier's application was filed in this Court. In the application, Mr. Hosier asserts four vague claims. For that reason and for the reasons stated above, the application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of**

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Because Mr. Hosier's claims are vague, his application fails to comply with Fed. R. Civ. P. 8(a)(2). Mr. Hosier will be directed to file on the proper, Court-approved form an amended application that complies with Fed. R. Civ. P. 8. The amended application Mr. Hosier will be directed to file must name the proper respondents, clarify his federal claims, and the steps he has taken to exhaust state-court remedies as to his federal claims, and should include, if available, full copies of any state court opinions pertinent to his direct appeal and postconviction proceedings.

Although Mr. Hosier alleges that he has failed to exhaust state court remedies for the three substantive claims he intends to assert and his fourth claim is not a federal constitutional claim, *see* 28 U.S.C. § 2254(a), the Court will not address the exhaustion issue at this time other than to remind Mr. Hosier that he must exhaust state remedies before he may raise his claims in federal court. **See *Montez v. McKinna*,** 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal

claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). The Court will address the exhaustion issue only after Mr. Hosier files an amended application. Accordingly, it is

ORDERED that Mr. Hosier file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 and that shows cause for the reasons discussed in this order why the application should not be denied. It is

FURTHER ORDERED that Mr. Hosier's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hosier, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Hosier fails to file an amended application and to show cause to the Court's satisfaction within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED February 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00259-BNB

Travis Lee Hosier
Reg. No. 104683
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2/25/08

                                  GREGORY C. LANGHAM, CLERK

                      By: _Angie_____
                              Deputy Clerk