IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-00259-BNB

TRAVIS LEE HOSIER,

Applicant,

v.

AL ESTEP, Warden of Fremont Correction [sic] Facility, P.O. Box 999,
     Cañon City, CO 81215-0999, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Travis Lee Hosier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Hosier initiated this instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Weld County, Colorado, district court case number 99CR1063. On February 25, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Hosier to file an amended application that named the proper Respondents and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On March 25, 2008, Mr. Hosier filed the amended application. On April 30, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 7,

2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period and that Applicant's federal constitutional claims are procedurally defaulted. On May 29, 2008, Mr. Hosier filed a Reply to the Pre-Answer Response.

The Court must construe liberally the habeas corpus application and Reply filed by Mr. Hosier because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On December 22, 1999, Mr. Hosier pleaded guilty to sexual assault on a child by a person in a position of trust. On March 24, 2000, he was sentenced to prison for an indeterminate sentence from eight years to life under the Sex Offender Life Supervision Act. Mr. Hosier did not appeal directly from the judgment of conviction.

On March 27, 2000, three days after being sentenced, Mr. Hosier, through counsel, filed a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure with the Weld County District Court, which on April 11, 2000, denied the Colo. R. Crim. P. 35(a) motion. Mr. Hosier did not appeal from the denial.

On June 8, 2000, Mr. Hosier filed a postconviction motion pursuant to Colo. R. Crim. P. 35(b). However, because Respondents are unable to clarify whether that motion has been ruled upon, the Court must assume that the motion remained pending, at least until March 21, 2003, when Applicant, represented by new postconviction

counsel, filed a renewed motion pursuant to Colo. R. Crim. P. 35(b) and a motion pursuant to Colo. R. Crim. P. 35(c). On July 23, 2003, following a hearing on the Colo. R. Crim. P. 35(c) motion, the Weld County District Court denied both the Colo. R. Crim. P. 35(b) and 35(c) motions.

Mr. Hosier appealed only from the denial of the Colo. R. Crim. P. 35(c) motion. In *People v. Hosier*, No. 03CA2049 (Colo. Ct. App. Sept. 22, 2005) (unpublished), the Colorado Court of Appeals affirmed the denial of his Colo. R. Crim. P. 35(c) motion. On May 9, 2006, certiorari review was denied. On September 8, 2006, Mr. Hosier filed another Colo. R. Crim. P. 35(b) motion, which the trial court denied on September 27, 2006. Mr. Hosier did not appeal from the denial.

On January 29, 2008, Mr. Hosier's original application was received for filing in this Court. As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

3

> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Mr. Hosier's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Hosier had forty-five days to file a notice of appeal after he was sentenced on March 24, 2000. As a result, the Court finds that Mr. Hosier's conviction became final on May 8, 2000. The Court also finds that the one-year limitation period began to run on May 8, 2000, because Mr. Hosier does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Respondents concede that the one-year limitation period was tolled while the postconviction motions Mr. Hosier filed were pending in state court, and the Court agrees. Therefore, the period from March 27, 2000, to April 11, 2000, when the Colo. R. Crim. P. 35(a) motion was pending does not count against the one-year limitation period, although this period precedes when the one-year limitation period began to run.

4

Likewise, the period from June 8, 2000, when Mr. Hosier filed his first Colo. R. Crim. P. 35(b) motion, through May 9, 2006, during which the Colo. R. Crim. P. 35(b) motion, renewed Colo. R. Crim. P. 35(b) motion, and Colo. R. Crim. P. 35(c) motion were denied, the denial of the Colo. R. Crim. P. 35(c) motion was affirmed, and certiorari review of the Colo. R. Crim. P. 35(c) motion was denied, also does not count against the one-year limitation period. Finally, the period from September 8 through 27, 2006, when the additional Colo. R. Crim. P. 35(b) motion was pending in state court, also does not count against the one-year limitation period.

However, the 30 days after the judgment of conviction became final on May 8, 2000, and before the Colo. R. Crim. P. 35(b) motion was filed on June 8, 2000, count against the one-year limitation period. In addition, the gap of 121 days from May 9, 2006, when the Colorado Supreme Court denied certiorari review from the denial of the Colo. R. Crim. P. 35(c) motion, until September 8, 2006, when Mr. Hosier filed another Colo. R. Crim. P. 35(b) motion, counts against the one-year limitation period. Finally, the 488 days between the September 27, 2006, denial of the Colo. R. Crim. P. 35(b) motion and January 29, 2008, when Mr. Hosier's habeas corpus application was received for filing in this Court, count against the one-year limitation period. As a result, the Court finds that a total of 639 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Hosier argues in his Reply to Respondents' Pre-Answer Response that the habeas corpus application in the instant action was signed and mailed on January 24, 2008, and therefore, pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S.

266, 270 (1988), the Court must deem this action commenced on January 24, 2008, not five days later on January 29, 2008, when it was received for filing. Mr. Hosier is correct. However, the 5 days he gains by having the Court consider the instant action as filed on January 24, 2008, instead of January 29, 2008, merely reduces the 639 days that count against the limitations period to 634, and the instant action remains time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Hosier also argues in his Reply to Respondents' Pre-Answer Response that this action is not barred by the one-year limitation period because he challenged the same conviction in a prior habeas corpus application in this Court on September 10, 2007, which was denied without prejudice on November 1, 2007, for failure to cure. *See Hosier v. People*, No. 07-cv-01899-ZLW (D. Colo. Nov. 1, 2007). Mr. Hosier apparently believes that the time period from September 10, 2007, when he initiated No. 07-cv-01899-ZLW, and November 1, 2007, when the action was dismissed for failure to cure, tolled the limitations period or demonstrates a justifiable excuse or excusable neglect for not filing the instant action in a timely manner.

The Court will consider the arguments raised by Mr. Hosier in his Reply in the context of equitable tolling. The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading

within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Hosier bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Hosier is correct that he filed a prior habeas corpus application on September 10, 2007, challenging the validity of the same conviction he is challenging in the instant action. However, to the extent he asserts that the application filed in No. 07-cv-01899-ZLW would have been timely, he is incorrect. The 348 days between the September 27, 2006, denial of the Colo. R. Crim. P. 35(b) and the September 10, 2007, filing of the first habeas corpus application count against the limitations period. As a result, the Court finds that a total of 499 days counted against the one-year limitation period when Mr. Hosier filed his initial habeas corpus application in No. 07-cv-01899-ZLW, and had he cured, the application in 07-cv-01899-ZLW would have been dismissed as time-barred. Moreover, the dismissal without prejudice of his first federal habeas application did not toll the running of the one-year limitation period in the instant action. *See Duncan v. Walker*, 533 U.S. 167, 181-81 (2001) (holding than an application for federal habeas review does not statutorily toll the limitations period under § 2244(d)(2)).

In any case, the Court dismissed without prejudice No. 07-cv-01899-ZLW on November 1, 2007, because Mr. Hosier failed to cure a deficiency in that action. More specifically, Mr. Hosier failed within the time allowed to submit a certified copy of his

7

trust fund account statement. Mr. Hosier was advised by an order filed on September 10, 2007, that the he was allowed thirty days in which to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The § 1915 motion and affidavit noted that he must submit a certified copy of his trust fund account statement. Mr. Hosier attempted to comply with the order to cure in No. 07-cv-01899-ZLW by submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. However, he failed to submit a certified copy of his trust fund account statement. Mr. Hosier did file a motion to reconsider on November 26, 2007, in No. 07-cv-01899-ZLW asking that the case be reinstated. The Court denied reconsideration on November 30, 2007.

The Court finds that Mr. Hosier's efforts in No. 07-cv-01899-ZLW do not demonstrate either the existence of an extraordinary situation when circumstances beyond his control prevented him from filing a timely application for a writ of habeas corpus or diligent efforts to pursue his claims. To the extent Mr. Hosier asserts that his failure to cure the deficiency in No. 07-cv-01899-ZLW was caused by a justifiable excuse or excusable neglect, the assertion is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. Therefore, the Court finds that Mr. Hosier has failed to demonstrate that equitable tolling is appropriate in this action. The instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' argument that Mr. Hosier's federal constitutional claims are procedurally defaulted need not be addressed. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00259-BNB

Travis L. Hosier
Reg. No.104683
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/16/8

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                           Deputy Clerk